IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMERSON M.F. JOU, M.D., ) | CIVIL NO. 09-00226 JMS/KSC |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | APPEAL OF MAGISTRATE JUDGE |
| vs. ) | CHANG'S ORDER GRANTING |
| ) | DEFENDANT'S MOTION TO SET |
| GREGORY M. ADALIAN, DOES 1- ) | ASIDE ENTRY OF DEFAULT AND |
| 30, ) | ADOPTING MAGISTRATE JUDGE |
| ) | CHANG'S FINDINGS AND |
| Defendants. ) | RECOMMENDATIONS TO DENY |
| ) | PLAINTIFF'S MOTION FOR |
| _____ ) | DEFAULT JUDGMENT |

**<u>ORDER DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE CHANG'S ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND ADOPTING MAGISTRATE JUDGE CHANG'S FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

On June 25, 2009, default was entered against Defendant Gregory M. Adalian ("Defendant") after he failed to answer the Complaint. Plaintiff Emerson M.F. Jou ("Plaintiff") subsequently moved for default judgment, and Defendant moved to set aside the entry of default. On November 13, 2009, Magistrate Judge Kevin S.C. Chang granted Defendant's Motion to Set Aside Entry of Default ("November 13 Order"), and therefore entered a Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment ("November 13 F&R"). Doc. No. 25. On November 23, 2009, Plaintiff appealed the November 13 Order and F&R,

seeking de novo review and summarily arguing that Defendant did not substantiate his defenses to Plaintiff's claims and was otherwise culpable for the default.

Addressing Plaintiff's Appeal of the November 13 Order first, a motion to set aside entry of default raises a nondispositive issue such that the November 13 Order may by reversed only if it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Local Rule 74.1; *see, e.g.*, *Waters v. Hollywood Tow Serv.*, 2009 WL 1916606, at *5 (C.D. Cal. 2009) (applying clearly erroneous standard of review to magistrate judge's decision regarding entry of default). Plaintiff did not address this standard and on this basis alone, the court may deny his appeal.

Even if the court addresses the substance of Plaintiff's arguments, however, they have no merit. A motion to set aside default requires the court to consider three factors: whether "(1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and, (3) the defendant's culpable conduct led to the default." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). Plaintiff only addresses the latter two elements, and failed to show any clear error. Contrary to Plaintiff's summary argument, Magistrate Judge Chang did not clearly err in finding that Defendant has presented a meritorious defense because Plaintiff's claims may be barred by the statute of

limitations.  Further, there was no clear error in finding a lack of culpable conduct given the mitigating family issues Defendant was addressing at the time his Answer was due.

As to the November 13 F&R, denial of Plaintiff's Motion for Default Judgment necessarily followed from the determination to set aside the entry of default against Defendant.  While the Motion for Default Judgment is technically a dispositive motion requiring de novo review of those portions of the November 13 F&R objected to, *see* 28 U.S.C. § 636(b)(1), the court agrees with Magistrate Judge Chang's determination that denial of Plaintiff's Motion for Default Judgment was the correct course of action once the default was set aside.

The court therefore DENIES Plaintiff's Appeal of the November 13 Order and ADOPTS the November 13 F&R.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 3, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Jou v. Adalian*, Civ. No. 09-00226 JMS/KSC, Order Denying Plaintiff's Appeal of Magistrate Judge Chang's Order Granting Defendant's Motion to Set Aside Entry of Default and Adopting Magistrate Judge Chang's Findings and Recommendations to Deny Plaintiff's Motion for Default Judgment