IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EMERSON M.F. JOU, M.D., | ) | CIVIL NO. 09-00226 JMS/KSC |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING THE |
| | ) | NOVEMBER 19, 2010 FINDINGS |
| vs. | ) | AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN |
| GREGORY M. ADALIAN, DOES 1-30, | ) | PART PLAINTIFFS' MOTION TO |
| | ) | ENFORCE SETTLEMENT |
| | ) | AGREEMENT AND FOR |
| Defendants. | ) | DAMAGES, AND THE |
| | ) | NOVEMBER 23, 2010 |
| | ) | SUPPLEMENT TO THE FINDINGS |
| _____ | ) | AND RECOMMENDATION |

**ORDER ADOPTING THE NOVEMBER 19, 2010 FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND FOR DAMAGES, AND THE NOVEMBER 23, 2010 SUPPLEMENT
TO THE FINDINGS AND RECOMMENDATION**

## I. INTRODUCTION

On May 19, 2009, Plaintiff Emerson M.F. Jou ("Plaintiff") filed this

action asserting state law claims against Gregory M. Adalian ("Defendant") after

Defendant failed to pay Plaintiff certain sums due pursuant to an agreement.  The

parties engaged in settlement discussions, and ultimately placed a settlement on the

record before United States Magistrate Judge Kevin S.C. Chang on June 28, 2010.

Pursuant to a subsequent July 6, 2010 Settlement Agreement and Release,

Defendant agreed to pay Plaintiff $25,000 on or before July 6, 2010, and $155,000

no later than September 30, 2010.  Defendant made the first payment, but failed to

make the second.  As a result, Plaintiff brought a Motion to Enforce Settlement

Agreement and for Damages ("Motion to Enforce Agreement").

On November 19, 2010, Magistrate Judge Chang entered his Findings

and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to

Enforce Agreement (the "November 19 F&R").  The November 19 F&R

recommends that this court: (1) order Defendant to pay the $155,000 balance to

Plaintiff within one week of an Order on the November 19 F&R; (2) enter

judgment in the amount of $155,000 in favor of Plaintiff and against Defendant;

and (3) deny Plaintiff's requests for civil contempt, damages, and sanctions.  On

November 23, 2010, Magistrate Judge Chang entered a Supplement to the

November 19 F&R (the "Supplement"), recommending that (1) Plaintiff be

awarded $5,796.00 in attorneys' fees, $273.11 in tax, and $296.25 in costs, for a

total of $6,365.36; and (2) Defendant be ordered to remit this payment to Plaintiff

no later than one week from the date of an Order on the November 19 F&R and

Supplement.

On December 2, 2010, Defendant filed Objections to the November

19 F&R and Supplement, and Plaintiff filed a Cross-Objection and Response on

December 6, 2010.  Defendant filed an Opposition to Plaintiff's Cross-Objection

on December 16, 2010.  Based on the following, the court AFFIRMS the November 19 F&R and Supplement.

## II.  <u>STANDARD OF REVIEW</u>

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects.  *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

# III. **DISCUSSION**

## A.     **Defendant's Objection**

Defendant argues, among other things, that the November 19 F&R erred in recommending that the court order Defendant to pay $155,000 within one week of this Order because the court is without authority to order specific performance requiring a party to pay a sum certain.[1]  In support of this argument, Defendant cites to general contract principles providing that in a breach of contract action, specific performance for the payment of money is not an available remedy. *See* Def.'s Obj. 11-12.

The court rejects that this general contract law principle applies to the enforcement of a valid settlement agreement -- indeed, it is well settled that the court has inherent authority to enforce agreements that settle litigation before it. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) ("This circuit also recognizes a trial court's inherent enforcement power."); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.").  Upon breach of a settlement agreement, the court may award damages

---

[1] Defendant also argues that any judgment enforcing the settlement agreement should dismiss Plaintiff's underlying claims.  Plaintiff does not respond to this argument, and the court agrees that to the extent Defendant's obligation to Plaintiff is memorialized in a judgment, Plaintiff's underlying claims must be dismissed as well.

4

or specific performance as appropriate.  *TNT Marketing, Inc. v. Agresti*, 796 F.2d

276, 278 (9th Cir. 1986) (citing *Village of Kaktovik v. Watt*, 689 F.2d 222, 230

(D.C. Cir. 1982).

   To accept Defendant's argument -- that the court is without authority

to require compliance with the terms of the settlement agreement on a date certain,

and instead is limited to entering judgment for Defendant -- would only foster

additional litigation.  Such needless litigation runs wholly counter to the very

reasoning behind the court's enforcement power -- to create "efficiency of having

one court see litigation through to its conclusion, thereby avoiding duplication of

effort."  *In re City Equities Anaheim, Ltd.*, 22 F.3d at 957; *see also Bouwman v.

RBC Mortg. Co.*, 336 Fed. Appx. 621, 622 (9th Cir. 2009) (affirming order

compelling specific performance on the parties' settlement agreement, which

required payment by one party).

   Based on a de novo review, the court agrees with the November 19

F&R finding that Defendant should be ordered to pay the $155,000 balance to

Plaintiff within one week.  The parties agreed to settle this litigation in exchange

for Defendant making two payments to Plaintiff by certain dates.  Defendant failed

to carry out his side of the bargain, and now months have passed since Defendant

admits he should have paid Plaintiff.  Under these facts, requiring payment within

one week is wholly appropriate.  The court therefore ADOPTS the November 19

F&R, finding that Defendant must pay $155,000 to Plaintiff within one week from

this Order -- that is, by December 30, 2010.

## B.    Plaintiff's Cross-Objection

Plaintiff makes three arguments in his Cross-Objection: (1) the court

should authorize Plaintiff to levy execution on assets transferred by Defendant

because Defendant violated Hawaii's Uniform Fraudulent Transfer Act ("UFTA")

and committed fraud; (2) the Supplement to the November 19 F&R should not

have reduced Plaintiffs' attorneys' fee request; and (3) the court should grant

Plaintiff his attorneys' fees in bringing this Cross-Objection.  The court rejects

each of these arguments.

As to Plaintiff's first argument, Plaintiff is essentially seeking

additional affirmative relief that he could have requested, but did not, in his

original Motion to Enforce Agreement.  Further, Plaintiff's request -- that the court

find that Defendant committed fraud and violated UFTA -- are not appropriate

requests on a Cross-Objection (or even a Motion to Enforce Agreement), but rather

are claims that involve third parties not before this court.  The court therefore

rejects Plaintiff's request that he be authorized to levy execution on the assets

transferred by Defendant.

As to Plaintiff's second argument, Plaintiff asserts in wholly conclusory fashion that "Plaintiff respectfully objects to the reduction in hours spent in the motion to compel enforcement and requests that the hours spent be reinstated, as requested in the fee declaration." Pl.'s Cross-Obj. 15. Plaintiff fails to explain in any manner whatsoever why the Supplement erred in finding that Plaintiff's counsel's fees must be reduced because (1) his hourly rate is excessive; (2) billings were for tasks not reasonably or necessarily incurred in relation to the Motion to Enforce Agreement; (3) counsel spent excessive time on certain tasks; and (4) counsel billed for clerical tasks. Based upon a de novo review, the court wholly agrees with each of these determinations and AFFIRMS the Supplement's recommendation that Plaintiff be awarded a total of $6,365.36 in fees and costs.

Finally, as to Plaintiff's third argument, the court has rejected the bulk of Plaintiff's arguments, and very little of Plaintiff's Cross-Objection actually addresses Defendant's Objection or provides any new insight that was not already provided in Plaintiff's Motion to Enforce Settlement. In sum, very little time was required to respond to Defendant's Objection. Accordingly, the court finds that an award of attorneys' fees for Plaintiff's Cross-Objection is not warranted.

///

///

## IV.  <u>CONCLUSION</u>

Based on the above, the court ADOPTS November 19, 2010 Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to Enforcement Settlement Agreement and for Damages, and ADOPTS the November 23, 2010 Supplement.  The court hereby orders as follows:

1.    Defendant is ordered to pay $155,000 to Plaintiff within one week from the date of this Order -- that is, by December 30, 2010.  Failure to pay this amount within one week may result in Defendant being found in contempt of this Order.

2.    The court further awards Plaintiff $5,796.00 in attorneys' fees, $273.11 in tax, and $296.25 in costs, for a total of $6,365.36.  Defendant must remit this payment to Plaintiff no later than one week from the date of this Order, by December 30, 2010.  Failure to pay this amount within one week may result in Defendant being found in contempt of this Order.

3.    Plaintiff's request for civil contempt, damages, and sanctions are DENIED.

4.    The court directs the Clerk of Court to enter Judgment in the amount of $155,000 in favor of Plaintiff and against Defendant.  The Second Amended Complaint, filed September 24, 2010, and all claims asserted therein, are

dismissed with prejudice.  The court retains jurisdiction to enforce the terms

of the July 6, 2010 Settlement Agreement and Release between the parties.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 23, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Jou v. Adalian*, Civ. No. 09-00226 JMS/KSC, Order Adopting the November 19, 2010 Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion to Enforce Settlement Agreement and for Damages, and the November 23, 2010 Supplement to the Findings and Recommendation