IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMERSON M.F. JOU, M.D., | ) CIVIL NO. 09-00226 JMS-KSC |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART ) PLAINTIFF'S MOTION FOR AN |
| GREGORY ADALIAN; DOES 1-30, | ) ORDER THAT DEFENDANT ) GREGORY M. ADALIAN IS IN |
| Defendants. | ) CONTEMPT OF COURT, FOR ) FINES AND OTHER RELIEF ) INCLUDING ATTORNEYS' FEES ) AND COSTS |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF'S MOTION FOR AN ORDER THAT DEFENDANT
GREGORY M. ADALIAN IS IN CONTEMPT OF COURT, FOR FINES
AND OTHER RELIEF INCLUDING ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff Emerson M.F. Jou, M.D.'s ("Plaintiff") Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court, for Fines and for Other Relief Including Attorneys' Fees and Costs ("Motion"), filed February 28, 2014. The Court received a letter response from Defendant Gregory Adalian ("Defendant") on April 3, 2014. This matter came on for hearing on April 9, 2014. Stephen Shaw, Esq., appeared on behalf of Plaintiff. Defendant appeared pro se by phone. After careful consideration

of the Motion, the parties' submissions, and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

As the Court and the parties are familiar with the history of this case, the Court includes only those facts that are relevant to the disposition of this Motion.

On June 28, 2010, the Court held a settlement on the record. Doc. No. 63. According to the terms of the settlement agreement, Defendant was to pay Plaintiff $25,000.00 on or before July 6, 2010, and $155,000.00 by no later than September 30, 2010. Defendant made the first payment, but not the second.

On October 6, 2010, Plaintiff filed a Motion to Enforce Settlement and for Damages, Attorney's Fees, Costs and Judgment. Doc. No. 69. On November 19, 2010, this Court issued a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion ("F&R"), wherein the Court recommended that Defendant pay Plaintiff the $155,000.00 settlement balance, and

that judgment in the amount of $155,000.00 be entered in Plaintiff's favor. Doc. No. 80. The Court directed Mr. Shaw to submit a declaration to the Court setting forth the fees and costs reasonably and necessarily incurred in bringing the Motion to Enforce Settlement. Following the submission of Mr. Shaw's declaration, the Court issued a Supplement to Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion on November 23, 2010, wherein the Court recommended that Plaintiff be awarded $6,365.36 in attorneys' fees, tax and costs. Doc. No. 82. Defendant filed an Objection to the F&R.

On December 23, 2010, U.S. District Judge J. Michael Seabright issued an Order Adopting the November 19, 2010 Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion to Enforce Settlement Agreement and for Damages, and the November 23, 2010 Supplement to the Findings and Recommendation ("Order"). Doc. No. 88. Judge Seabright ordered Defendant to pay Plaintiff $155,000.00, plus $6,365.36 in attorneys' fees, tax, and costs, by December 30,

2010.  Judge Seabright cautioned Defendant that his failure to comply with the Order may result in a finding of contempt.  Defendant did not comply.

On January 10, 2011, Plaintiff filed a Motion for Order to Show Cause Re: Contempt of Court by Defendant Gregory M. Adalian and for Attorney's Fees and Costs, Doc. No. 90, which the Court set for hearing on February 15, 2011.

On January 21, 2011, Plaintiff filed an Ex Parte Motion for Examination of Judgment Debtor, Defendant Gregory Adalian.  Doc. No. 97.  The Court granted the motion and scheduled the judgment debtor examination for February 14, 2011.

At the February 14, 2011 judgment debtor examination, the Court was informed that Defendant filed a Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court for the Middle District of Pennsylvania that same day.  Doc. No. 103-1.

At the February 15, 2011 hearing on Plaintiff's Motion for Order to Show Cause, the Court determined that the contempt proceedings were stayed pursuant to

4

11 U.S.C. § 362(a).  Doc. No. 105.

On May 10, 2011, Plaintiff notified the Court that the bankruptcy court dismissed Defendant's Petition on April 20, 2011, due to Defendant's failure to file documents required under the Bankruptcy Act of 2005.  Doc. No. 106.  Plaintiff then filed a Second Ex Parte Motion for Examination of Judgment Debtor, Defendant Gregory Adalian, which the Court granted.  Doc. Nos. 108, 111.  Plaintiff additionally filed a Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court; for Fines and for Attorneys' Fees and Costs.  Doc. No. 113.  The Court scheduled a July 15, 2011 hearing date for both motions.

On July 14, 2011, Defendant filed a second Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court for the Middle District of Pennsylvania.  As a result, the Court continued the July 15, 2011 hearing on the judgment debtor examination and the contempt motion to August 29, 2011.

On August 26, 2011, the Court received a letter from Mark Conway, Defendant's Pennsylvania bankruptcy

attorney, informing the Court that Defendant filed yet another Bankruptcy Petition in the U.S. Bankruptcy Court for the Middle District of Pennsylvania on August 26, 2011.

Following the August 29, 2011 hearing, at which Defendant did not appear, the Court issued a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court; for Fines and Other Relief and for Attorneys' Fees and Costs ("Second F&R"). Doc. No. 122. Plaintiff objected on the ground that the Second F&R should be held in abeyance until the status of the stay was determined by the bankruptcy court. Doc. No. 123. Judge Seabright construed the objection as a motion for reconsideration of the Second F&R. Doc. No. 125.

This Court granted in part and denied in part the motion for reconsideration, vacating the Second F&R and recommending that Plaintiff's Motion for Contempt be denied without prejudice. Doc. No. 126. The Court advised Plaintiff that he could refile a motion for

contempt after the bankruptcy court made a ruling on his motion to dismiss.  Id.  Judge Seabright adopted the Reconsideration Order.  Doc. No. 127.

On September 23, 2011, Plaintiff filed another contempt motion, along with a motion to shorten time for hearing on the same.  Doc. Nos. 128-29.  On September 28, 2011, Plaintiff filed a Supplemental Declaration explaining that Defendant obtained a Temporary Restraining Order in bankruptcy court enjoining the pursuit of monetary collection actions.  Doc. No. 130.  The Court set the contempt motion for hearing in the ordinary course, but Plaintiff later withdrew the motion.  Doc. Nos. 131-32.  The present Motion followed.

DISCUSSION

Plaintiff requests the following relief:
1) that Defendant be found in contempt for violating Judge Seabright's Order; 2) that Defendant be ordered to comply with the Order and pay the $155,000.00 settlement balance plus $6,365.36 in attorneys' fees, tax, and costs, plus 10% interest since December 23,

2010; 3) that a $1,000.00 per diem coercive fine be imposed nunc pro tunc to December 23, 2010; and 4) that he be awarded reasonable attorneys' fees and costs, including those incurred in connection with the bankruptcy filings.

Defendant argues that his business has substantially declined, which has led to his insolvency.

Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within the party's power to comply. In re Dual-Deck Video Cassette Recorder Antitrust, 10 F.3d 693, 695 (9th Cir. 1993). District courts have "wide latitude in determining whether there has been contemptuous defiance of its order." Hook v. Ariz. Dep't of Corrections, 107 F.3d 1397, 1403 (9th Cir. 1997). Contempt "'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck, 10 F.3d at 695 (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). The party

moving for a finding of civil contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated the court's order, and "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'"  Id. (alteration in original) (quotations and citations omitted); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982).

"'Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply."  In re Dual Deck, 10 F.3d at 695 (citations omitted); Gen. Signal Corp v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) (citing Vertex, 689 F.2d at 891-92) (If a defendant has taken "all reasonable steps" to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt). "Ability to comply is the crucial inquiry, and 'a court should weigh all the evidence properly before it

9

determines whether or not there is actually a present ability to obey.'" United States v. Ayers, 166 F.3d 991, 994 (9th Cir. 1999) (quoting United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996)).

A respondent may not use the contempt proceeding as a basis for reconsidering the legal or factual basis of the order alleged to have been disobeyed. Ayers, 166 F.3d at 955 (quoting United States v. Rylander, 460 U.S. 752, 756-57 (1983) (citation omitted)). However, in a civil contempt proceeding, "a defendant may assert a present inability to comply with the [enforcement] order in question." Id. (citations omitted). Where a defendant raises the present inability defense, he or she has the burden of production. Id. (citations omitted). In the event compliance with the order is factually impossible, there is no reason to proceed with the civil contempt action. Id.

Here, Plaintiff has established, by clear and convincing evidence, that Defendant violated Judge Seabright's Order. It is therefore Defendant's burden

10

to demonstrate a present inability to comply.  He has failed to do so and the record reflects repeated avoidance of his obligations.  Indeed, Defendant failed to appear for his judgment debtor examinations, he filed multiple bankruptcy petitions on the eve of each contempt proceeding, and he has failed to communicate with the Court on a number of occasions.  Moreover, while Defendant has asserted that he is financially insolvent, he has not produced even a scintilla of evidence to establish an inability to pay the amount set out in Judge Seabright's Order.  Demonstration of a present inability to comply cannot be satisfied with conclusory allegations and claims.  Even if Defendant produced evidence of his current finances, the Court would have serious concerns about whether he created his present inability to comply given his actions/inaction to date.  For these reasons, the Court recommends that Defendant be found in contempt.

The Court shall now assess the propriety of imposing civil contempt sanctions.  Courts employ civil contempt sanctions "for two purposes: to coerce the

defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (citing United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947)). If a sanction is imposed for the purpose of coercing the contemnor, "the court must, in determining the size and duration of the sanction, 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" Id. (quoting United Mine Workers, 330 U.S. at 304).

A court may award fines as a compensatory sanction, but such "awards are limited to 'actual losses sustained as a result of the contumacy.'" Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted); see also United Mine Workers, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of complainant's actual loss"). Courts also have the

power to order imprisonment.  <u>Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme</u>, 433 F.3d 1199, 1250 (9th Cir. 2006).  "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.  Like civil imprisonment, such fines exert a constant coercive pressure."  <u>Id.</u> (quoting <u>Int'l Union, United Mine Workers v. Bagwell</u>, 512 U.S. 821, 829 (1994)) (quotations omitted).

In the present case, Defendant has had more than ample time to fulfill his obligations under the settlement and to comply with the Order.  The Court will not tolerate any further delays by Defendant.  Accordingly, as a coercive sanction, the Court recommends that Judge Seabright impose a $200.00 fine, due per <u>calendar</u> day, until Defendant fully complies with his Order.  The Court declines to recommend that the fine be nunc pro tunc to December 23, 2010, due to the pendency of the bankruptcy proceedings.

At this time, the Court declines to recommend imprisonment.  However, if Defendant continues to

disobey the Order, Plaintiff may renew his request for incarceration.  It is well within the Court's discretion to recommend imprisonment and the Court will not hesitate to recommend such a sanction, if necessary and appropriate.

The Court also finds that compensatory sanctions should be imposed against Defendant.  These contempt proceedings were necessitated by Defendant's refusal to comply with the Order.  The Court therefore recommends that Plaintiff be awarded its reasonable fees and costs incurred as a result of this Motion. Mr. Shaw shall submit a declaration in conformance with Local Rule 54.3(d) to support Plaintiff's request for fees and costs.  The Court finds that Plaintiff is not entitled to fees and costs incurred in connection with the bankruptcy proceedings.

In sum, the Court recommends that 1) Defendant be ordered to pay the outstanding balance set out in Judge Seabright's Order within one week of the order taking action on this Findings and Recommendation; 2) if Defendant fails to comply with the Order, that he

pay a $200.00 fine, due per calendar day, until he complies with the Order; and 3) Plaintiff be awarded attorneys' fees and costs incurred in connection with this Motion.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court, for Fines and for Other Relief Including Attorneys' Fees and Costs, filed February 28, 2014, be GRANTED IN PART AND DENIED IN PART.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 9, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 09-00226 JMS-KSC; <u>JOU V. ADALIAN</u>; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AN ORDER THAT DEFENDANT GREGORY M. ADALIAN IS IN CONTEMPT OF COURT, FOR FINES AND OTHER RELIEF INCLUDING ATTORNEYS' FEES AND COSTS