IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EMERSON M.F. JOU, M.D., | ) CIVIL NO. 09-00226 JMS-KSC |
| | ) |
| Plaintiff, | ) SUPPLEMENTAL FINDINGS AND |
| | ) RECOMMENDATION REGARDING |
| vs. | ) AWARD OF ATTORNEYS' FEES |
| | ) AND COSTS |
| GREGORY ADALIAN; DOES 1-30, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
REGARDING AWARD OF ATTORNEYS' FEES AND COSTS

On April 9, 2014, the Court issued a Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for an Order that Defendant Gregory M. Adalian is in Contempt of Court, for Fines and Other Relief Including Attorneys' Fees and Costs ("F&R"), wherein the Court recommended an award of attorneys' fees and costs as a compensatory sanction. The Court directed Plaintiff's counsel, Stephen Shaw, to submit a Declaration setting forth the fees and costs reasonably incurred in connection with the Motion for Contempt. On April 14, 2014, Mr. Shaw submitted his Declaration.

Mr. Shaw requests $10,584.28 in attorneys' fees and tax,[1] and $87.84 in costs. He seeks compensation for 36.1 hours of time, at a $280.00 hourly rate. After careful review of Mr. Shaw's submissions, the Court finds that he reasonably expended 35.7 hours in connection with the Motion for Contempt, and recommends that the district court award Plaintiff $10,467.01 in attorneys' fees[2] and tax and $83.88 in costs.

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and

---

[1] This figure should be $10,701.57 because the total hours expended on page 4 of Mr. Shaw's time sheet should be 5.1, not 4.7.

[2] Even though certain fees and costs were not directly related to the most recently filed Motion for Contempt, the Court will allow them because they were incurred in the pursuit of a finding of contempt. The Court will not deny Plaintiff recovery of these sanctions merely because the motions to which they were directly related were not adjudicated, as the lack of adjudication was due to Defendant's repeated bankruptcy filings on the eve of the hearings on the previously filed motions. All of the previously filed motions sought enforcement of Judge Seabright's December 23, 2010 Order and/or for contempt for failing to comply with the Order.

reputation. The Court previously awarded Mr. Shaw a $280.00 hourly rate and finds the same rate to be reasonable now.

With respect to the 36.5 hours requested by Mr. Shaw, the Court finds that his time should be reduced by 0.8 hours for clerical tasks.[3] Three entries -

---

[3] The following is a list of tasks previously deemed clerical or ministerial in this district and therefore deemed non compensable:

> reviewing Court-generated notices; scheduling dates and deadlines; calendering dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed; personally delivering documents; bates stamping and other labeling of documents; maintaining and pulling files; copying, printing, and scanning documents; receiving, downloading, and emailing documents; and communicating with Court staff.

Haw. Motorsports Inv., Inc. v. Clayton Group Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010), adopted by Haw. Motorsports Inv., Inc. v. Clayton Group Servs., NC, Civ. No. 09-00304 SOM-BMK, 2010 WL 5395669 (D. Haw. Dec. 22, 2010) (also deeming clerical identification and organization of exhibits); see also, e.g., Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part

3

9/28/11, 9/29/11, and 2/28/14 - reflect work completed on clerical tasks such as communicating with the Court; reviewing notice of hearing; and preparing exhibits. Applying the foregoing deduction, the Court finds that Mr. Shaw reasonably expended 35.7 hours in connection with obtaining a finding of contempt.

Finally, Plaintiff seeks to recover $87.84 in costs. The Court finds that Plaintiff reasonably incurred $83.88 in costs. Certain copying costs are not compensable because copies were made for counsel's convenience. Local Rule 54.2(f)(4) authorizes reimbursement of copying costs necessarily obtained for use in the case at a rate of $0.15 per page. Local Rule 54.2(f)(4). However, "[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not taxable." Id. Specifically, Plaintiff incurred $3.96 in copying costs that were for Mr. Shaw's convenience. The Court

---

by Yamada v. Weaver, Civil No. 10-00497 JMS-RLP, 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities).

therefore recommends that Plaintiff's request for costs be reduced by $3.96, and that he be awarded $83.88 in costs.

In accordance with the foregoing, the Court HEREBY RECOMMENDS that Plaintiff be awarded $10,467.01 in attorneys' fees and tax, and $83.88 in costs, for a total of $10,550.89. The Court further recommends that the district court require Defendant to remit payment of said amount to Plaintiff no later than one week from the date the district court takes action on the F&R.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, May 5, 2014.



Kevin S.C. Chang
United States Magistrate Judge

---

CV 09-00226 JMS-KSC; <u>JOU V. ADALIAN</u>; SUPPLEMENTAL FINDINGS AND RECOMMENDATION REGARDING AWARD OF ATTORNEYS' FEES AND COSTS