IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EMERSON M.F. JOU, M.D., | ) | CIV. NO. 09-00226 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | THIRD EX PARTE MOTION FOR |
| vs. | ) | EXAMINATION OF JUDGMENT |
| | ) | DEBTOR, DEFENDANT |
| GREGORY M. ADALIAN, | ) | GREGORY M. ADALIAN, AND |
| | ) | FOR PRODUCTION OF |
| Defendant. | ) | DOCUMENTS |
| | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S THIRD EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR, DEFENDANT GREGORY M. ADALIAN, AND FOR PRODUCTION OF DOCUMENTS

Before the Court is Plaintiff Emerson M.F. Jou, M.D.'s ("Plaintiff")

Third Ex Parte Motion for Examination of Judgment Debtor, Defendant Gregory

M. Adalian, and for Production of Documents.  (Doc. 162.)  Plaintiff requests an

order directing Defendant Gregory M. Adalian ("Defendant"), a resident of

Pennsylvania, to appear for an examination before this Court in aid of judgment

enforcement pursuant to Rule 69 of the Federal Rules of Civil Procedure

("FRCP"), and 28 U.S.C. § 636(b)(3).  (Doc. 162 at 2.)  Plaintiff further requests

an order directing Defendant to produce documents prior to examination.  (Doc.

162 at 2.)

On December 23, 2010, the Court filed its Judgment in a Civil Case in favor of Plaintiff, and against Defendant, in the amount of 155,000.00 in addition to $6,365.36 in attorneys' fees and costs.  (Doc. 89.)  On February 11, 2015, Plaintiff filed a "JUDGMENT CREDITOR EMERSON M.F. JOU, M.D.'S THIRD EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR, DEFENDANT GREGORY M. ADALIAN AND FOR PRODUCTION OF DOCUMENTS" requesting an order requiring Defendant to personally appear before this Court to be examined under Oath.  (Doc. 162.)  Specifically, Plaintiff asks the Court to subpoena Defendant to appear for an examination for the purpose of determining (1) what property the Judgment Debtor own(s) or has/had an interest in; (2) what debts are owing to Judgment Debtor; (3) the identity and/or location of supporting documents; and (4) for such other and further relief as the Court may require.

Upon review of said motion and the record, it appears that the judgment against Defendant for $155,000.00, plus $6,365.36 in attorneys' fees and costs, is presently due and has neither been stayed with a bond, nor satisfied. Further, it appears from the docket that no bankruptcy case is currently pending which would stay satisfaction of the judgment.

Plaintiff now seeks to enforce the Judgment issued in his favor under FRCP Rule 69, which provides, in relevant part:

2

> The procedure on execution [of a money judgment] – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located[.]

FRCP Rule 69(a)(1).  Hawaii Revised Statutes ("HRS") § 636-4, governing the examination of judgment debtors, mandates that a judgment debtor examination "shall be conducted in the same manner as in the case of an oral examination of witnesses."  Hawaii Rules of Civil Procedure ("HRCP") Rule 45, which governs subpoenas in civil cases, further provides:

> A resident of the State may be required to attend an examination only in the county wherein the person resides or is employed or transacts business in person, or at such other convenient place as is fixed by an order of court. **A nonresident of the State subpoenaed within the State may be required to attend only in the county wherein the person is served with a subpoena, or at such other convenient place as is fixed by an order of court**.

HRCP Rule 45(d)(2) (emphasis added).  FRCP Rule 45(c)(1), which also governs compliance with subpoenas in civil matters, provides:

> A subpoena may command a person to attend a trial, hearing, or deposition **only as follows**:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
>   (i)   is a party or a party's officer; or
>
>   (ii)  is commanded to attend a trial and would not incur substantial expense.

(Emphasis added.)  Inasmuch as Defendant is a citizen of Pennsylvania, (see Doc. 66 at 1), and Plaintiff makes no allegation that Defendant resides, is employed, or regularly transacts business in person within 100 miles of this county, the Court hereby DENIES Plaintiff's Third Ex Parte Motion for Examination of Judgment Debtor, Defendant Gregory M. Adalian, without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 11, 2015



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Jou v. Adalian, Civ. No. 09-00226 JMS-BMK, ORDER DENYING PLAINTIFF'S THIRD EX PARTE MOTION FOR EXAMINATION OF JUDGMENT DEBTOR, DEFENDANT GREGORY M. ADALIAN, AND FOR PRODUCTION OF DOCUMENTS.