IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EMERSON M.F. JOU, M.D., | ) | CIVIL NO. 09-00226 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DECLARING THE |
| | ) | APPLICABLE POST-JUDGMENT |
| vs. | ) | INTEREST RATE |
| | ) | |
| GREGORY M. ADALIAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DECLARING THE APPLICABLE POST-JUDGMENT INTEREST RATE

## I. INTRODUCTION

This case has a long and complicated history -- many of the details are explained in the court's February 5, 2015 Order that denied Plaintiff Emerson M.F. Jou's ("Plaintiff") motion seeking an order incarcerating Defendant Gregory M. Adalian ("Defendant") for his failure to pay an outstanding Judgment. *See* Doc. No. 161, *Jou v. Adalian*, 2015 WL 477268 (D. Haw. Feb. 5, 2015). The only remaining matters are the rate and amount of post-judgment interest due to Plaintiff. Specifically, the question is whether Defendant owes post-judgment interest of ten percent under Hawaii law (Hawaii Revised Statutes ("HRS") § 478-3) or, alternatively, a much lower rate given current schedules under federal law

(28 U.S.C. § 1961).

Before the court is Plaintiff's September 16, 2015 "Motion for Determination that the Contractual Interest Rates Apply," Doc. No. 189, which the court construes as a motion seeking a declaration of the applicable post-judgment interest rate ("Motion").  Based on the following, the court determines that the federal interest rate under § 1961 applies.

## II.  BACKGROUND

Plaintiff filed this diversity action on May 19, 2009, seeking payment of monies owed by Defendant under various agreements and promissory notes. Doc. No. 1, Compl.  Pursuant to a July 6, 2010 Settlement Agreement and Release ("SA"), the parties agreed to dismiss this action upon Defendant's payment of "$25,000.00, on or before July 6, 2010 and $155,000 no later than September 30, 2010."  Doc. No. 69-3, SA ¶ 3.  The current dispute arises from the following clause in the SA titled "Jurisdiction And Enforcement:"

> This Agreement shall be governed by the laws of the State of Hawaii.  In the event that enforcement of any term of this Agreement is necessary, the prevailing party is entitled to recover all costs, interest, and legal fees incurred in such enforcement procedure.

*Id*. ¶ 10.

Defendant made the first payment, but did not make the September 30, 2010 payment.  Consequently, on October 6, 2010, Plaintiff filed a Motion to Enforce Settlement Agreement and for Damages, Attorney's Fees, Costs and Judgment ("Motion to Enforce").  Doc. No. 69.  The Motion to Enforce did not specifically seek interest on the amount not paid.  On November 19, 2010, Magistrate Judge Kevin S.C. Chang issued a Findings and Recommendation to Grant in Part and Deny in Part the Motion to Enforce ("F&R").  Doc. No. 80.  The F&R recommended (1) that Defendant be ordered to pay the balance of $155,000 within one week of this court taking final action on the F&R; (2) entry of final judgment of $155,000 in favor of Plaintiff and against Defendant; (3) denial of Plaintiff's request for civil contempt, damages, and sanctions; and (4) an award of fees and costs incurred in connection with the Motion to Enforce.  *Id.* at 2-3.  The F&R made no mention of interest on any amounts past due under the SA.

Accordingly, on November 22, 2010, Plaintiff's counsel submitted a Declaration seeking $18,654.44 in attorney's fees, and $303.94 in costs incurred in connection with enforcing the SA.  Doc. No. 81.  On November 23, 2010, Magistrate Judge Chang issued a Supplement to the F&R that recommended an additional award of $6,365.36 in attorney's fees, tax, and costs (thus rejecting many of the hours sought by Plaintiff's counsel), also to be paid within one week

3

of this court taking final action on the F&R.  Doc. No. 82, Suppl. at 3.  Defendant

objected to the F&R as supplemented, and Plaintiff filed a cross-objection.  Doc.

No. 86.  Plaintiff's cross-objection took issue with the reduction in the amount of

fees sought, *id.* at 3, but did not object to any lack of an award of interest.

On December 23, 2010, this court adopted the F&R as supplemented,

declining to increase the award of fees, costs, and tax from amounts recommended

by Magistrate Judge Chang.  Doc. No. 88, Order Adopting November 19, 2010

Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs'

Motion to Enforce Settlement Agreement and for Damages, and the November 23,

2010 Supplement to the Findings and Recommendation (the "December 23, 2010

Order") at 7.  The court directed Defendant to pay all outstanding amounts within

one week and retained jurisdiction to enforce the terms of the SA.  *Id*. at 8-9.  And

on December 23, 2010, final judgment was entered as follows:

> IT IS ORDERED AND ADJUDGED that Judgment is
> entered in favor of the Plaintiff Emerson M. F. Jou,
> M.D., in the amount of $155,000.00 and against the
> Defendant Gregory M. Adalian and all claims asserted in
> the Second Amended Complaint are dismissed with
> prejudice, pursuant to the "Order Adopting the
> November 19, 2010 Findings and Recommendation to
> Grant in Part and Deny in Part Plaintiffs' Motion to
> Enforce Settlement Agreement and for Damages, and the
> November 23, 2010 Supplement to the Findings and
> Recommendation", filed on December 23, 2010.  It is

4

> further ordered that Plaintiff is awarded $5,796.00 in
> attorneys' fees, $273.11 in tax, and $296.25 in costs for a
> total of $6,365.36.

Doc. No. 89, Judgment.

Defendant did not pay the outstanding amounts within one week, and Plaintiff initiated numerous attempts to collect the Judgment, primarily by use of the court's contempt powers. *See* Doc. No. 161, Order Denying Plaintiff's Motion for an Order for Arrest and Incarceration of Defendant at 2-12; *Jou*, 2015 WL 477268, at *1-5 (summarizing attempts to collect the Judgment, and determining that contempt powers were not available for such purposes). Proceedings were significantly delayed during Defendant's various bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Pennsylvania. *Id.* After completion of bankruptcy proceedings, on February 5, 2015, this court concluded that contempt powers were inapplicable to collection of a judgment -- rather, collection was controlled by Federal Rule of Civil Procedure 69 by executing on the Judgment. *Id.*

On August 24, 2015, a Stipulated Order was filed as part of a proposed resolution of this action. Doc. No. 187. A dispute, however, remained as to the rate and amount of post-judgment interest. The parties noted that Defendant paid $50,000 to Plaintiff on April 10, 2015, and the parties agreed in

part that:

> (1) Defendant would pay $113,555.02, representing the balance due on the Judgment and post-judgment interest at the federal rate under 28 U.S.C. § 1961 of 0.30 percent, plus an additional payment of interest at this rate from August 8, 2015 until the date of payment;
>
> (2) Defendant's payment of that amount will stop the accrual of any further post-judgment interest until resolution by the court of the rate and amount of interest; and
>
> (3) Plaintiff would file a motion to determine "what post-judgment interest rate applies, and how it is to be applied based on the payment already made."  If the court applies the Hawaii rate of interest, Plaintiff would be entitled to an additional amount.

Doc. No. 187, Stip. Order ¶¶ 4-5, 7.

Accordingly, Defendant paid Plaintiff $113,571.80 on August 25, 2015, and Plaintiff filed the instant Motion on September 19, 2015.  Defendant filed his Opposition on October 5, 2015, Doc. No. 192, and Plaintiff filed a Reply on October 16, 2015.  Doc. No. 193.  On October 28, 2015, the court determined that this matter is suitable for disposition without a hearing under Local Rule 7.2(d).  Doc. No. 194.

## III. **DISCUSSION**

Plaintiff contends that post-judgment interest should be calculated at the Hawaii statutory interest rate of ten percent set forth in HRS § 478-3,[1] rather than the federal rate of 0.30 percent -- the weekly average for the one-year constant maturity U.S. Treasury yield for the week preceding the date of judgment as set forth in 28 U.S.C. §1961, and as published by the Board of Governors of the Federal Reserve System.  More specifically, Plaintiff argues that pursuant to the SA, the parties explicitly agreed to apply the Hawaii rate rather than the federal rate generally applicable to diversity actions for post-judgment interest.  The court disagrees.

### A.     **Legal Standards**

Generally, "[i]n diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law.'" *Am. Tel. & Tel. Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996) (citing *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) (per curiam)); *see also In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir.

---

[1] HRS § 478-3 provides: "Interest at the rate of ten per cent a year, and no more, shall be allowed on any judgment recovered before any court in the State, in any civil suit."  Similarly, HRS § 478-2 provides, in part: "When there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of ten per cent a year."

7

2002) ("It has long been the rule that an award of post-judgment interest is

procedural in nature and thereby dictated by federal law.").  Under federal law, the

rate of post-judgment interest is governed by 28 U.S.C. § 1961, which provides:

> Interest shall be allowed on any money judgment in a
> civil case recovered in a district court. . . .  Such interest
> shall be calculated from the date of the entry of the
> judgment, at a rate equal to the weekly average 1-year
> constant maturity Treasury yield, as published by the
> Board of Governors of the Federal Reserve System, for
> the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a).  Nevertheless, an "exception to § 1961 exists when the

parties contractually agree to waive its application."  *Fid. Fed. Bank, FSB v.*

*Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004); *see, e.g.*, *Tricon Energy*

*Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456-57 (5th Cir. 2013) ("[I]t is well

settled that parties may contract for a different [post-judgment interest] rate.").

To be effective, an agreement to waive application of § 1961 and

apply a different interest rate to judgments requires explicit language that is clear,

unambiguous, and unequivocal.  *See Tricon Energy Ltd.*, 718 F.3d at 456-57

(explaining that to waive application of § 1961, parties must "*specifically* contract

around the general rule that a cause of action reduced to a judgment merges into

the judgment and the contractual rate therefore disappears for post-judgment

purposes") (emphasis added); *see also, e.g.*, *Kanawha Gauley Coal & Coke Co. v.*

8

*Pittston Minerals Grp., Inc.*, 501 F. App'x 247, 254 (4th Cir. 2012) (determining that lease provision specifying particular interest rate for late payments did not constitute the "necessary clear, unambiguous, and unequivocal language indicating the parties' express intent to agree on a post-judgment interest rate"); *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 147 (2d Cir. 2010) ("[P]arties are free to agree to a different post-judgment interest rate by contract, provided that they do so through clear, unambiguous and unequivocal language.") (internal citation and quotation marks omitted); *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009) ("If parties want to override the general rule on merger and specify a different post-judgment interest rate, they must express such intent through clear, unambiguous and unequivocal language."); *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107-08 (9th Cir. 1998) (affirming waiver of § 1961 where the parties stipulated to an arbitration award specifically applying the contractual interest rate both before and after the judgment until collection).

## B. Application of Standards

The SA provides, under a heading titled "Jurisdiction And Enforcement," that it "shall be governed by the laws of the State of Hawaii," and that "[i]n the event that enforcement of any term of this [SA] is necessary," then "the prevailing party is entitled to recover all costs, interest, and legal fees

incurred in such enforcement procedure." Doc. No. 69-3, SA ¶ 10. The question is whether this contractual language clearly, unambiguously, and unequivocally demonstrates that the parties intended to waive application of § 1961 in lieu of the rate in HRS § 478-3 for post-judgment interest.

General choice-of-law provisions do not demonstrate a clear and unequivocal intent to waive application of § 1961 in favor of state statutory interest rates. *See Fid. Fed. Bank, FSB*, 387 F.3d at 1023 (determining that choice-of-law clause in contract, without any reference to interest rates, evinced no agreement between the parties to apply state statutory interest rate to post-judgment interest and therefore, failed to waive application of § 1961); *see also Jack Henry & Assocs, Inc. v. BSC, Inc.*, 487 F. App'x 246, 260 (6th Cir. 2012) (ruling a "bare choice-of-law provision . . . [that referenced a statutory] default contractual interest rate, without more," insufficient to waive application of § 1961); *FCS Advisors, Inc.*, 605 F.3d at 147 (determining that the choice of law provision in the parties' contract could not be deemed a clear expression of intent to have New York statutory interest rate, rather than federal law, apply to the calculation of post-judgment interest).

And contractual provisions regarding interest generally, absent a specific reference to post-judgment interest, are insufficient to demonstrate a clear

10

and unequivocal intent to waive § 1961.  *See In re Riebesell*, 586 F.3d at 794-95

(applying § 1961 based on finding that promissory note's provision that specific

interest rate would accrue "until payment" was insufficient to demonstrate the

parties' intent to contract for a post-judgment interest rate); *see also In re Trigeant*

*Holdings, Ltd.*, 523 B.R. 273, 279 (S.D. Fla. 2015) ("[T]o permit deviation from

section 1961, . . . an unquestionable reference to the potential for a future . . .

judgment and the imposition of a specific interest rate thereafter must appear in

the text."); *Crosthwaite v. Tim Kruse Constr., Inc.*, 2014 WL 4683719, at *7 (N.D.

Cal. Sept. 17, 2014) (applying § 1961 where contractual provisions setting interest

rate for delinquencies neither "expressly state that the parties agree to a specified

post-judgment interest rate, nor expressly state that the parties agree to contract

around [§ 1961]").

Here, the SA's language specifying that it "shall be governed by the

laws of the State of Hawaii" is no more than a general choice-of-law provision.

Although Hawaii law applies when interpreting the SA, without more this clause

does not demonstrate clearly, unambiguously, and unequivocally that the parties

intended to waive application of § 1961 in lieu of HRS § 478-3 for a post-

judgment interest rate.  And neither the provision entitling the prevailing party in

enforcement procedures to interest, nor any other provision of the SA contains

11

language expressly referencing post-judgment interest, a specific interest rate, or waiver of § 1961. In short, the SA fails to show clearly, unambiguously, and unequivocally that the parties waived application of § 1961.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff argues that, under Hawaii law, contractual interest rates "pass through" to the judgment. Doc. No. 189-1, Pl.'s Mot. at 3. He relies on *Metro. Mortg. & Sec. Co.*, 448 B.R. 527 (D. Haw. 2011), *aff'd*, *GBBY Ewa P ship v. Fin. Factors, Ltd.*, 584 F. App'x 366 (9th Cir. 2014) ("*GBBY*") (indicating that a contractual interest rate in a promissory note continues to apply even after entry of a foreclosure decree and judgment based on the note's default) and similar cases. But *GBBY* was addressing a *foreclosure* judgment under Hawaii law under Hawaii's bifurcated foreclosure process -- not a federal money judgment such is at issue here with the December 23, 2010 Judgment. Indeed, *GBBY* recognized the general rule that "an award of post-judgment interest is procedural in nature and thereby dictated by federal law" for a federal money judgment. *Id.* at 532 (quoting *In re Cardelucci*, 285 F.3d at 1235).

Plaintiff also argues that under Hawaii law, if a contract is silent regarding post-judgment interest, it incorporates HRS § 478-3. *See Quedding v. Arisumi Bros.*, 66 Haw 335, 338, 661 P.2d 706, 709 (1983) (recognizing the

12

"general rule that the existing law is part of a contract where there is no stipulation to the contrary"); *Honolulu v. Kam*, 48 Haw. 349, 354-55, 402 P.2d 683, 687 (1965) (finding that the statutory interest rate was incorporated into a contract which was silent on the rate itself).  But this case is in federal, not state, court and the SA does not *explicitly* waive the federal post-judgment interest rate as required by *federal* law.  *See, e.g., Fid. Fed. Bank, FSB*, 387 F.3d at 1023 (determining that absent specific language referencing interest rates, contract failed to demonstrate intent to apply state statutory post-judgment interest rates in lieu of § 1961); *see also Jack Henry & Assoc., Inc.*, 487 F. App'x at 260 (ruling that mere application of state law referencing statutory interest rate without more to be insufficient to waive § 1961).

And finally, Plaintiff appears to assert that the parties specifically agreed to apply Hawaii law in any *enforcement* proceeding, thus necessarily including Hawaii statutory interest rates in such an enforcement proceeding.  But the court is no longer addressing Plaintiff's Motion to Enforce the SA -- that Motion was granted in December 2010.  *See* Doc. No. 88.  In granting the Motion to Enforce, the court awarded $155,000 and $6,365.36 in fees, costs, and

applicable tax. *Id.* That award was reduced to final judgment.[2] Doc. No. 89.  The court is now only addressing the rate and amount of post-judgment interest. Plaintiff has already "enforced" the SA; he is now attempting to *collect* on a final judgment.  The court is simply determining the exact amount that he is entitled to collect.  Thus, even assuming *arguendo* that the SA could be read to include a Hawaii statutory rate in a *pre* judgment enforcement action, such a figure would not control the rate of *post*-judgment interest.  Again, post-judgment interest (absent specific, clear and unambiguous language to the contrary) is controlled by federal law under 28 U.S.C. § 1961.

## C.    Calculation of Post-Judgment Interest

On August 24, 2015, the parties stipulated that Plaintiff "will move the Court . . . [for] an Order . . . as to what post-judgment rate of interest applies, and how it is to be applied based on the payment already made."  Doc. No. 187, Stip. ¶ 7.  After Plaintiff filed the instant Motion seeking to apply Hawaii law, the court instructed Defendant (if he sought to apply a different interest rate) to provide the exact interest rate he sought to apply.  Doc. No. 190.  In his Opposition seeking to apply the federal rate under § 1961, Defendant attached the

---

[2]  Whether Plaintiff could also have been awarded pre-judgment interest of ten percent under Hawaii law based on the enforcement provision in the SA at that time, has no bearing on the amount of post-judgment interest.  The fact remains that the SA did not explicitly, unambiguously, and unequivocally choose state law over federal law for post-judgment interest.

applicable Post-Judgment Federal Interest Rate Table of 2010.  Doc. No. 192-5.

He also detailed his calculations using those figures, explaining how he arrived at

the amount of the $113,571.80 payment.  Doc. No. 192-6.  These calculations

include post-judgment interest from December 23, 2010 until August 25, 2015.

*See id.*  And in his Reply, Plaintiff did not specifically challenge those calculations

(assuming the federal rate applies).

Specifically, Defendant contends that he has paid all amounts due and

explains his calculations as follows:

> Mr. Adalian specifically applied the federal post-judgment interest rate for the Judgment as fixed by the *weekly average for the one year constant maturity U.S. Treasury yield* for the week ending prior to the date of the Judgment (the week ending 12/17/10), which was **.30%**.  *See* [Doc. No. 192-5, Def.'s Ex. 4] (Federal Post-Judgment Interest Rate Publ. Table, at p.3).  This amount was applied from December 23, 2010 -- the date of the Judgment in issue -- to the entire Judgment amount, $161,356.36, and compounded annually, per the statute, until April 11, 2015, at which time the $50,000 partial payment was made.
>
> Then, from April 11, 2015 to the date of the second payment, Mr. Adalian applied the applicable .30% federal post-judgment interest rate to the remaining balance of $113,444.99.  [*See* Doc. No. 192-6, Def.'s Ex. 5] (Payment/Interest Schedule).  The balance on the Judgment after application of the $50,000, plus interest accruing from April 10, 2015 to August 25, 2015, came to $113,571.80.  This is the amount Mr. Adalian therefore paid on August 25, 2015[.]

Doc. No. 192, Opp'n at 2-3 (some internal citations omitted).

And pursuant to the August 24, 2015 Stipulated Order, the parties agreed that Defendant's second payment would stop the accrual of any further post-judgment interest. Doc. No. 187 ¶ 5. Given this stipulation, along with Defendant's uncontested calculations (which the court has confirmed mathematically), the court finds that Defendant has paid all amounts due under the Judgment including attorney's fees and costs, plus post-judgment interest at the federal rate from December 23, 2010 to August 25, 2015.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the court DETERMINES that the federal post-judgment interest rate set forth in 28 U.S.C. § 1961 applies to the December 23, 2010 Judgment. The court further finds that Defendant has paid such debt in

///

///

///

///

///

///

///

full.  There being no other matters before the court, the Clerk of Court is directed

to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 23, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Jou v. Adalian*, Civ. No. 09-00226 JMS-RLP, Order Declaring the Applicable Post-Judgment Interest Rate